# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. TURMEZEI, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-03-6359 OWW DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED<br>(Doc. 30) |

　　A.　　Procedural History

　　Plaintiff is a state prisoner proceeding pro se in this civil action proceeding on plaintiff's claims against defendants Turmezei and Trott for the use of excessive force and violation of equal protection and against the California Department of Corrections and Rehabilitation (CDCR) under the ADA/RA. On October 18, 2005, pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant CDCR filed a motion to dismiss for failure to state a claim upon which relief may be granted. Plaintiff has not filed an opposition to the motion.

　　B.　　Legal Standard

　　In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion,

1

and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, <u>reh'g denied</u>, 396 U.S. 869 (1969). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)(citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>see</u> <u>also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

The federal system is one of notice pleading. <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. <u>Id</u>. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." <u>Id</u>. at 512.

C.   <u>Discussion</u>

In the fifth claim for relief, plaintiff alleges that CDCR failed to provide adequate training or alternatives for hearing impaired inmates to effectively communicate with prison staff and others. CDCR moves for dismissal on the ground that the claims for which plaintiff seeks injunctive relief are covered by a class action, *Armstrong v. Davis*, No. 94-2307-CW (ND Cal), and therefore he cannot bring an individual suit for that relief. plaintiff's allegations fail to give rise to claims for relief.

In 1994, an ADA/RA suit on behalf of all present and future California State prisoners and parolees with mobility, sight, hearing, learning, and kidney disabilities was brought in federal court. *See Armstrong v. Davis*, et al., No. C 94-2307 CW (N.D.Cal.). After finding that

defendants violated the ADA and RA, the court entered a remedial order on January 8, 1999, requiring implementation of CDC's disability placement plan.  *See* Defendant's Exh. A.  The *Armstrong* remedial plan sets out the policy of CDC to provide access to its programs and services to inmates and parolees with disabilities.  *Id*.  The Remedial Plan also states that no qualified inmate or parolee with a disability shall be subject to discrimination because of that disability.  *Id.* at p.1.

In plaintiff's amended complaint, he alleges that he is hearing impaired.  The *Armstrong* Remedial Plan covers review for hearing impaired inmates.  *See* Defendant's Exh. A, pp. 30-32.  Therefore, plaintiff is a member of the class to which *Armstrong* applies.  Plaintiff has not provided evidence to the contrary, and has not argued against the applicability of *Armstrong* to him.  Because Plaintiff is a member of the class to which *Armstrong* applies and his pending request for injunctive relief under the ADA/RA falls squarely under *Armstrong,* he must pursue his request via the consent decree or through class counsel.  *See* Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002).

Accordingly, CDCR's motion to dismiss plaintiff's ADA/RA claims for injunctive relief should be GRANTED.  This case should proceed on plaintiff's claims for damages against defendants Turmezei and Trott for the use of excessive force and violation of equal protection.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file

3

1 objections within the specified time may waive the right to appeal the District Court's order.
2 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:   May 30, 2006                    /s/ Dennis L. Beck
3b142a                                 UNITED STATES MAGISTRATE JUDGE

4