# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JOHNSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>T. TURMEZEL, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. CV-F-03-6359 OWW DLB P<br><br>ORDER RE PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES<br>(Doc. 42) |

　　　Plaintiff is a state prisoner proceeding pro se in this civil action proceeding on plaintiff's claims against defendants Turmezei and Trott for the use of excessive force and violation of equal protection. On February 26, 2007, plaintiff filed a motion to compel further responses to his request for production of documents. Defendants filed an opposition on March 12, 2007.

　　　On March 20, 2006, plaintiff served the subject discovery on defendants. Defendants served responses on September 28, 2006. At issue in this motion are defendants' responses to request numbers one though four and ten of plaintiff's request for production of documents.

　　　In request number one, plaintiff seeks "all RCR's authored by you in your official capacity on any inmate at CCI." Defendants objected to the request as vague, overly broad and burdensome. Defendants' objection is sustained. The request is not limited in time nor is it limited to a specific type of disciplinary report. Further, the documents requested must be

1

relevant to the subject matter in the pending action. The claims in this case relate to plaintiff's allegations that defendants used excessive force when they peppered sprayed him and that their actions were indicative of an increase in the use of excessive force against black inmates. Disciplinary reports written by defendants against other inmates at CCI have little if any relevance to these claims.

Request number two seeks staff complaints filed against defendants by any inmate at CCI. While potentially relevant, this request as drafted is overly broad. Plaintiff's request must be narrowed to include only those complaints filed against defendants that are factually similar to plaintiff's allegations in the instant action. Further, plaintiff's request must be narrowed to a specific time period. The events giving rise to the claims against the defendants in this action occurred in September 2002. Accordingly, the documents requested by plaintiff are limited to the time period between September 2001 and December 2002. Defendants shall provide plaintiff with the relevant documents requested within forty-five days from the date of service of this order. Defendants may redact from the relevant documents any information relating to the identities of third parties. If, after double-checking with the appropriate record keeping departments and human resource personnel, defendants stand by their contention that this request is burdensome, defendants shall so notify the Court within thirty days from the date of service of this order and the Court will revisit this objection.

In response to request numbers three, four and ten, defendants asserted objections but then responded that they were not in possession of any documents responsive to the requests. In response to a request under Rule 34, a party is required to produce responsive documents in their possession, custody or control. Documents that either do no exist or are not in the possession of the responding party are not covered by the Rule 34. Plaintiff's motion as to requests three, four and ten is therefore denied.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel responses to requests one, three, four and ten is denied;

2. Plaintiff's motion to compel a response to request number two is granted, subject

        to the limitations set forth in this order;

3. If defendants are able to locate documents that satisfy request number two, defendants shall serve a response to number two **within forty-five days** from the date of service of this order; and

4. In the alternative, if after double-checking with the appropriate record keeping departments and human resource personnel, defendants stand by their contention that this request is burdensome, defendants shall so notify the Court **within thirty days** from the date of service of this order and the Court will revisit this objection.

5. If necessary, plaintiff may seek an extension of time in which to respond to defendants' motion for summary judgment filed July 17, 2007.

IT IS SO ORDERED.

Dated:   **September 13, 2007**　　　　　　　　　　**/s/ Dennis L. Beck**
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE