UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONALD L. ADAMS, | ) | 1:07-cv-00791-AWI-GSA-PC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING MOTION TO AMEND COMPLAINT |
| | ) | (Doc. 16) |
| v. | ) | |
| | ) | THIRTY DAY DEADLINE TO FILE |
| DEPT. OF CORRECTIONS, et al., | ) | SECOND AMENDED COMPLAINT |
| | ) | |
| | ) | ORDER FOR CLERK TO SEND |
| Defendants. | ) | COMPLAINT FORM TO PLAINTIFF |
| | ) | |

Ronald L. Adams ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Now pending is plaintiff's motion to amend his complaint, filed on October 29, 2007.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Plaintiff filed the original complaint on July 27, 2006. On September 11, 2006, plaintiff filed an amended complaint ("First Amended Complaint"). Because plaintiff has already amended the complaint once, plaintiff's pending motion to amend must be granted by the court before he can file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Here, plaintiff's case has been pending for fifteen months, since July 27, 2006. The delay in litigation will be further extended if plaintiff is given leave to amend. However, given that the complaint has not been served, and no other party has appeared in the action, amending the complaint will not prejudice the opposing party. Plaintiff seeks leave to amend in order to correct errors in the First Amended Complaint, add a defendant who was omitted in error, and clarify his claims. Good faith appearing, the court finds that in the interest of justice, plaintiff's motion to amend the complaint shall be granted.

Plaintiff is informed he must demonstrate in his amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants relating to issues arising after July 27, 2006. In addition, plaintiff should take care to include only those claims that have been exhausted prior to the initiation of this suit on July 27, 2006.

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint

1  supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an
2  amended complaint is filed, the original complaint no longer serves any function in the case. Therefore,
3  in an amended complaint, as in an original complaint, each claim and the involvement of each defendant
4  must be sufficiently alleged. The Second Amended Complaint should be clearly and boldly titled
5  "SECOND AMENDED COMPLAINT," refer to the appropriate case number, and be an original signed
6  under penalty of perjury.

       Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend the complaint is GRANTED;
2. Within thirty (30) days from the date of service of this order, plaintiff shall file a Second Amended Complaint demonstrating proper grounds for relief ;
3. The Clerk of the Court shall send one civil rights complaint form to plaintiff; and
4. Plaintiff is warned that the failure to comply with this order will result in a recommendation that this action be dismissed for failure to obey a court order.

   IT IS SO ORDERED.

Dated:   **October 30, 2007**           /s/ **Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE