# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JOHNSON, | CASE NO. CV-F-03-6359 OWW DLB P |
| Plaintiff, | ORDER RE PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM A NONPARTY |
| v. | (Doc. 51) |
| T. TURMEZEL, et al., | |
| Defendants. | |
| _____ / | |

Plaintiff is a state prisoner proceeding pro se in this civil action proceeding on plaintiff's claims against defendants Turmezei and Trott for the use of excessive force and violation of equal protection. On October 23, 2007, plaintiff filed a motion to compel discovery from a non-party and specifically from Warden W.J. Sullivan. The court construes plaintiff's motion as a request for issuance of subpoena duces tecum. Defendants filed an opposition on November 5, 2007.

I.  Background

Defendants object to the motion as untimely based on the discovery cut-off of May 15, 2007. However, plaintiff moved to compel production of many of the documents included in the present motion prior to the discovery cut-off. Defendants objected to production of the documents advising that they did not have possession of the requested documents. On September 19, 2007, the Court issued an order sustaining many of defendants' objections on those grounds. In response, plaintiff

1

now requests that a subpoena be issued to obtain the documents from a third party. Under these circumstances, plaintiff's request is timely.

## II.   Discussion

Plaintiff is entitled to seek documentary evidence from third parties via the issuance of a subpoena duces tecum under Federal Rule of Civil Procedure 45, which would be served by the United States Marshal given that plaintiff is proceeding in forma pauperis. Plaintiff must describe the documents he is seeking, which plaintiff has done to some extent, and plaintiff must specify from whom he is seeking the documents. Directing the Marshal's Office to expend its resources personally serving a subpoena is not taken lightly by the court.

In Request Numbers 1 and 2, plaintiff seeks "115 all RVR's authored by defendant Turmezei [and defendant Williams] on any inmate at CCI." The Court has already ruled on this request and denied plaintiff's motion to compel production of these documents. As plaintiff was advised, the request is not limited in time nor is it limited to a specific type of disciplinary report. Further, the documents requested must be relevant to the subject matter in the pending action. The claims in this case relate to plaintiff's allegations that defendants used excessive force when they peppered sprayed him and that their actions were indicative of an increase in the use of excessive force against black inmates. Disciplinary reports written by defendants against other inmates at CCI have little if any relevance to these claims. The same request made to the Warden does not change this result.

In Request Numbers 3 and 4, plaintiff seeks defendants' "criminal rap sheets." A written request for the issuance of a subpoena duces tecum requires that plaintiff specify exactly which documents he is seeking. The request must be specific and cannot be a broadly stated request that amounts to a fishing expedition. Plaintiff's request for "criminal rap sheets" does not meet these requirements. It is also unclear why plaintiff believes the Warden would be in possession of defendants' "rap sheets." These requests are also therefore denied.

In Request Number Five, plaintiff seeks a photo of the cannister used to pepper spray plaintiff on September 22, 2002. In response to the same request, defendants have advised plaintiff that a photo does not exist. Serving a subpoena on the Warden making this request would therefore be futile.

1   In Request Numbers 6 and 7 plaintiff seeks copies of all settlement agreements and court judgments entered into by any employee at CCI from 1994-2007 in any state or federal court case alleging excessive force, or discrimination. The requests are overly broad and plaintiff has failed to demonstrate the relevancy of the documents or why he believes the Warden would be in possession of them.

Request Numbers 8 and 9 seek complaints filed by any CCI employee against defendants Turmerzei or Williams alleging racial discrimination from 1994 - 2007. This request is overly broad and once again plaintiff fails to demonstrate the relevance of the requested documents.

In Request Number 10, plaintiff requests documents that describe the qualification, field of specialty and full name of the physician "that conducted the physical examination of plaintiff on April 18, 2002." Plaintiff argues that defendant's have relied on the doctor's opinion in their motion for summary judgment but the attached exhibits are unintelligible. Because defendants have relied on the doctor's opinion, the Court believes it would be more efficient for defendants to provide the information to plaintiff than to serve a subpoena to the Warden. Accordingly, within 10 days defendants are requested to provide the name and specialty of the doctor referred to in their Statement of Undisputed Facts, Fact No. 6. *See* Doc. No. 45. In the alternative, defendants may file an objection to this request. In the event that defendants are unwilling to provide the information to plaintiff, the Court will issue the requested subpoena to the Warden.

Based on the foregoing, plaintiff's motion for discovery from a non-party, filed October 23, 2007 is granted in part as ordered herein.

IT IS SO ORDERED.

**Dated:   November 19, 2007**         **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE

3